### CLARAGE *v.* LUPHRINGER.

INJUNCTION—STRIKES—PICKETING—LABOR UNIONS.
> Where employees of plaintiff, a manufacturer, left his employ, went on a strike, and organized themselves into a picketing force, he was entitled to a perpetual injunction, although defendants were proceeding peacefully and without violence or threat of violence.

Appeal from Kalamazoo; Weimer, J. Submitted June 6, 1918. (Docket No. 62.) Decided July 18, 1918.

Bill by Charles Clarage, doing business as the Clarage Fan Company, against John Luphringer, national organizer of the International Association of Machinists, and others to enjoin the picketing of plaintiff's

See notes in 4 L. R. A. (N. S.) 302; 50 L. R. A. (N. S.) 412.

premises. From a decree for plaintiff, defendants appeal. Affirmed.

*Harry C. Howard,* for plaintiff.

*Mulholland & Hartmann* and *Claude S. Carney,* for defendants.

BROOKE, J. The plaintiff is a manufacturer employing about 200 men. On July 10, 1916, such employees as were members of Kalamazoo Local Number 843, International Association of Machinists (about 95 in number), left plaintiff's employment and immediately organized themselves into a picketing force. This force covered all approaches to plaintiff's shop. Its purpose was to prevent all who were willing or desirous of working for the plaintiff from so doing. No violence was resorted to. The course followed proved so effective that plaintiff, on July 17th, filed his bill of complaint praying for an injunction. A temporary injunction was issued upon the filing of the bill and the picketing was thereafter discontinued. As a result all the strikers with a single exception returned to work for the plaintiff or secured employment in other shops. The case was heard in open court commencing February 15, 1917. At the conclusion of the hearing a decree was entered enjoining defendants among other things from "peacefully or otherwise picketing plaintiff's plant." The learned trial judge in his opinion said:

"Defendants produced no witnesses. There is no disputed questions of fact involved, and the usual features of a labor union in strike are presented except possibly violence and threats of violence.

"The allegations in the bill as to the combination and confederacy of the defendants and the picketing of the premises and plant, and the purpose of such combination and picketing are clearly established, except, as

already noted, there is no evidence of violence or threats thereof.

"The only question presented for determination is, Is the plaintiff entitled to a perpetual injunction restraining the picketing of his premises by the defendants without violence or threats thereof?"

It is asserted by counsel for appellants that the principal question involved is that of enjoining the defendants from "peacefully or otherwise picketing plaintiff's plant," and it is said in argument:

"As a matter of fact picketing in and of itself is no more than one of the means of ascertaining those upon whom persuasion may be exercised advantageously to the object of the strikers. That was the object in this case, but if it is held to be unlawful for the strikers to adopt this obvious means of ascertaining upon whom persuasion may be effective it is a mere idle statement to say the right of persuasion exists. Picketing *per se* is no more harmful to an employer than a parade through the streets of a city where the plant is located or than a mass meeting to which employees were invited would be.

"All these things are resorted to for the purpose of securing converts to the cause of the strikers. If the paraders become violent and assault those who refuse to agree with them it becomes unlawful. The same should be true of picketing. It seems to us ridiculous to say that simply because an employee is approached within the neighborhood of a struck plant rather than at some place distant from the plant that he is subject to intimidation in one case and not in the other. There is no doubt that under the guise of picketing strikes may annoy and interfere with new men and by threats and menaces, as well as by physical assault, intimidate them, but it is the duress and not the persuasion that should be prohibited, and whether or not there has been duress or intimidation should be determined from the evidence and not from the fact merely that the persuasion was resorted to in one particular locality, or, in other words, that there was picketing."

The question thus raised and discussed is not an open one in this State. See *Beck* v. *Protective Union,*

118 Mich. 497, and authorities there cited, as well as the later case, *In re Langell*, 178 Mich. 305.

Without approving of the language of the decree *in haec verba,* which we find unnecessary, the same is affirmed upon the point raised by the appeal, with costs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FEL-LOWS, STONE, and KUHN, JJ., concurred.